PER CURIAM.
We agree with the defendant’s contention that he was entrapped into trafficking in cocaine. Accordingly, we reverse the *334 denial of his motion to dismiss as well as the judgment and sentence of guilty for trafficking in cocaine (Count I). Upon remand, the trial court is directed to discharge the defendant as to Count I.
The facts of this case are not in dispute. The defendant was a loan shark and had lent money to Peter Spitz (Spitz). Rather than repay the monies, Spitz contacted law enforcement and they initiated an investigation of defendant for “loansharking.” Spitz became an undercover agent in the investigation and law enforcement persuaded Spitz to offer the defendant cocaine in place of the cash Spitz owed him. The defendant, who was not even under articu-lable suspicion for any narcotics violations, refused on two separate occasions to accept the cocaine in lieu of cash. Contacted a third time, the defendant reluctantly agreed to accept the cocaine as payment.
The Supreme Court has made it abundantly clear that entrapment has not occurred as a matter of law where the police action interrupts a specific ongoing criminal activity. Cruz v. State, 465 So.2d 516, 522 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Criminal activity in the form of loansharking was involved here, but no activity whatever was ongoing as to the specific crime of trafficking in cocaine. Since law enforcement did not interrupt a specific ongoing narcotics offense, the defendant was entrapped and his motion to dismiss should have been granted.
REVERSED AND REMANDED.
GUNTHER, J., and OWEN, WILLIAM C., JR., (Retired), Associate Judge, concur.
ANSTEAD, J., concurs specially with opinion.